*Formatted for Electronic Distribution*                                                                    *For Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

Filed & Entered
On Docket
03/08/05

In re:

**Anthony H. Shaw**                                    **Chapter 13 Case**
          **Debtor.**                                  **# 04-11236**

*Appearances:*    *L. Randolph Amis, III, Esq.*          *Douglas J Wolinsky, Esq.*
                  *Burlington, VT*                       *Burlington, VT*
                  *Attorney for Debtor*                  *Chapter 7 Trustee* Pro Se

## MEMORANDUM OF DECISION
### Granting Application for Commission and Attorney's Fees for Chapter 7 Trustee
### and Setting Amount of Commission to be Paid to Chapter 7 Trustee in Chapter 13 Case

The facts in this case are not disputed. The question presented is whether a chapter 7 trustee is entitled to a commission in a converted chapter 13 case based upon his efforts which he alleges caused the Debtor to convert to chapter 13 and generated the asset that is the basis for a substantial dividend to creditors. The Court answers the question in the affirmative and awards the chapter 7 trustee a commission based upon principles of *quantum meruit*, and allows legal fees incurred by the trustee in administering the chapter 7 case.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (L) and 1334.

## BACKGROUND

The Debtor filed for chapter 7 relief on September 10, 2004 and listed on Schedule A real property located at 40 Oakledge Drive, Burlington, Vermont (the "Property") (doc. # 1). The schedule reflected that the Debtor owned the Property with his spouse as tenants by the entirety, that the Property had a value of $457,000 and that the Property was encumbered by mortgages to the extent of $180,000 (Id.). In the diligent performance of his duties, Douglas J. Wolinsky, as the chapter 7 trustee (the "Trustee"), undertook a title search of the Property. That search revealed that the Debtor had owned the Property since April 19, 1997. It also showed that although the Debtor originally owned the Property in his name alone, he converted his ownership interest to a tenancy by the entirety on September 26, 2003, by conveying title to himself and his wife via quit claim deed. The Trustee determined that this conveyance by the Debtor, which took place within one year of his bankruptcy filing, might be avoided under 11 U.S.C. § 548 for the benefit of the Debtor's creditors. Accordingly, the Trustee commenced an adversary proceeding to avoid this transfer by filing a complaint on December 8, 2004 (doc. # 10). The Debtor responded to this adversary proceeding by converting his case from chapter 7 to chapter 13 on December 21, 2004 (doc. # 12), and ultimately filed an amended plan which proposes to pay unsecured creditors (who are listed on Schedule F to hold claims in the approximate amount of $298,000) the lesser of 100% or $156,00 (doc # 26).

The Trustee has filed a final report and application for allowance of an administrative expense, seeking to be paid a commission through the chapter 13 case to compensate him for the efforts he made during the chapter 7 case. The Trustee argues his efforts are compensable under 11 U.S.C. § 326(a) since they created res which is the source for a substantial distribution to creditors in the chapter 13 case (doc. #23). The Trustee has also filed an application for allowance of administrative expense seeking to have the chapter 13 estate pay the $456 of attorneys' fees the Trustee incurred in his administration of the chapter 7 case (doc. #24).

The Debtor has filed an objection to the Trustee's application for a commission alleging *inter alia* that neither case law nor the relevant statutes support any award in excess of the value of the actual time spent by the Trustee on the chapter 7 case, namely $1,092.50 (doc #28). For the reasons set forth below, the Court disagrees.

## DISCUSSION

This Court has previously ruled that a chapter 7 trustee may be entitled to and allowed compensation under 11 U.S.C. § 326(a) for service rendered in a chapter 7 case, even if the case converts to chapter 13 and the chapter 13 trustee is also paid a commission, *if* the chapter 7 trustee can demonstrate that his or her efforts were directly responsible for a greater distribution to creditors or otherwise were of significant benefit to the estate, see, e.g., In re Needham, 2003 WL 24013813, *1 (Bankr. Vt. May 7, 2003); In re Hages, 252 B.R. 789 (Bankr. N.D. Cal. 2000). Most of those determinations were rendered orally, and when written, the Court did not set forth its rationale for the allowance of commission because there had been an agreement between the parties. For example, in the Needham case, the trustee and the debtor's attorney stipulated to a trustee commission of $2,000 where the trustee's efforts resulted in the non-exempt estate being increased by $70,000. See 2003 WL 24013813 at *1. The Court approved that stipulation as reasonable and consistent with principles of *quantum meruit* after reviewing time sheets itemizing the time the trustee had spent on the administration of the chapter 7 case. Id. The Court issues this written decision to identify the essential criteria and principles it will apply when considering requests for chapter 7 trustee commissions in chapter 13 cases.

Based upon the record before it, the Court finds first, that but for the Trustee's efforts, the creditors in this case would not have received any dividend, either in a chapter 7 case or a chapter 13 case. The Court also finds that the Trustee's diligence in conducting and examining the title search, as well as his determination to initiate an adversary proceeding to void the pre-petition transfer of the Property, resulted in great benefit to the Debtor's estate. The Court further finds that the Trustee required the services of an attorney to perform certain duties which were critical to the outcome obtained. This leads to the question of how to compute the commission for the Trustee. It is this Court's position that it would be unjust to limit the amount of commission due to the Trustee by multiplying the Trustee's normal billing rate by the number of hours he spent on the case when the controlling statute, 11 U.S.C. § 326(a), is clear that a trustee is entitled

2

to commission based upon the distribution to creditors in the case.[1] Moreover, the creditors in this case are absolutely entitled to a distribution based upon the actual value of the Debtor's non-exempt equity in all of his assets. To the extent the Trustee had to do an investigation and sue the Debtor before the Debtor proceeded in a fashion that would pay creditors their due, it is only fair that the Debtor compensate the Trustee for the value of those services to the estate, as a prerequisite to the Debtor's confirmation of a chapter 13 plan and discharge of his debts.

The Court finds that the allowance of a commission to both a chapter 7 trustee and the chapter 13 trustee does not violate 11 U.S.C. § 326(a). In re Hages, 252 B.R. 789 (Bankr. N.D. Cal. 2000).

This Court has the discretion to allow the Trustee a commission up to the amount set forth in 11 U.S.C. § 326(a). In re C. Keffas & Son Florist, Inc., 240 B.R. 466, 473-74 (Bankr. E.D. N.Y. 1999). In the instant case, the statute authorizes a commission, computed on the projected $156,000 distribution to creditors, of up to $11,050.[2] 11 U.S.C. § 326(a). There is a balancing to be done to determine exactly how much, up to this maximum, should be allowed in this case, where there will also be a commission paid to the chapter 13 trustee. In order to fairly compensate the Trustee without overly burdening the Debtor, the Court determines the amount of commission to be paid by applying the principles of *quantum meruit*. This Court interprets *quantum meruit* to require the Court to value the Trustee's services in terms of both their general market value and their particular value to this estate. See Hages, 252 B.R. at 797. There is no exact number that this computation yields. It is an act of discretion rather than calculation. Based upon the amount of time the Trustee spent and the dividend now to be paid to creditors as a result of his efforts, the Court finds that a reasonable and fair commission for the Trustee under these circumstances and by application of the principle of *quantum meruit* analysis is $4,680. The Court reached this conclusion by applying the lowest commission factor Congress created for application in 11 U.S.C. § 326(a), 3%, by the net increase in value the Trustee created in this case, $156,000. While this formula may not always be appropriate, under the facts and circumstances of this case, the Court finds this award is just. In reaching this conclusion, the Court has taken

---

[1] Section 326 provides, in relevant part, as follows:
  (a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $5,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

[2] This commission is computed according to the formula set forth in the statute, by adding the following figures:
  .25 x $5,000     $1,250
  .10 x $45,000    $4,500
  .05 x $106,000   $5,300

3

into account all of the circumstances of the case and has focused in particular on the Debtor's failure to disclose the transfer, the fact that the Trustee had to initiate an adversary proceeding, the Debtor's prompt conversion to chapter 13 once it became apparent that the Trustee intended to pursue the asset, and the amount of the dividend to the creditors. These factors justify a commission of this magnitude in this case.

## CONCLUSION

Accordingly, based upon these findings, the Court approves the Chapter 7 Trustee's Report of All Receipts and Disbursements; and Report on Administration, and also approves (1) the Application for Compensation and Expenses by Douglas J. Wolinsky, Esq., the Chapter 7 Trustee, allowing $4,680 for commissions and $176 for expenses, and (2) the Application for Compensation by Eggleston & Cramer, LTD. allowing compensation in the amount of $456. The plan shall provide that the Debtor pay these sums into the plan in addition to the $156,000 due to unsecured creditors.

This allowance of compensation to the Chapter 7 Trustee pursuant to 11 U.S.C. § 326, shall neither prevent nor preclude the Chapter 7 Trustee from seeking additional 11 U.S.C. § 326 compensation in the event that this case is reconverted to a case under Chapter 7. However, the allowance of § 326 compensation under this decision shall be considered as part of any future compensation under 11 U.S.C. § 326, such that the combined total compensation to the Trustee not exceed the statutory maximums provided by 11 U.S.C. § 326.

This constitutes the Court's findings of fact and conclusions of law.

March 9, 2005  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

4